FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 2 1999

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BOBBY R. DARRIS AND JACQUELYN DARRIS                    PLAINTIFFS

No. J-C-99-40

This case assigned to District Judge Reasoner
and to Magistrate Judge Forster

CREDIT BUREAU OF JONESBORO, INC. and
RUSTY GUINN                                              DEFENDANTS

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for damages and declaratory relief brought by individuals for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337 and supplemental jurisdiction exists for any subsequent state law claims pursuant to 28 U.S.C. § 1367.

### III. PARTIES

3. Plaintiffs, Bobby Ray Darris and Jacquelyn Darris, are natural persons; are the surviving parents of Bobby Ray Darris, Jr., deceased, (hereinafter "Mr. Darris"); reside in Black Rock,

Lawrence County, Arkansas and are proper party Plaintiffs by virtue of 15 U.S.C. § 1692k.

4. Defendant, Credit Bureau Of Jonesboro, Inc. (hereinafter "Credit Bureau") is a corporation organized and existing under the laws of the State of Arkansas with its principal place of business located at 109 East Jackson Street, Jonesboro, Craighead County, Arkansas 72401.

5. On February 10th, 1998, the Credit Bureau was engaged in collecting consumer debts using the mails and telephone, and, through its officers and employees, regularly attempted to collect consumer debts alleged to be due another.

6. Defendant Rusty Guinn (hereinafter "Guinn") resides at 1506 South Church Street, Jonesboro, Craighead County, AR, is an officer and employee of the Credit Bureau and is responsible for formulating and executing the Credit Bureau's policies and procedures pertaining to its attempts to collect consumer debts alleged to be due another.

IV. FACTUAL ALLEGATIONS

7. On May 18th, 1997, St. Bernards Regional Medical Center (hereinafter "St. Bernards") rendered medical services to Mr. Darris who subsequently died as are result of injuries he sustained in a motor vehicle accident.

8. Subsequently, St Bernards hired the Credit Bureau to



collect the consumer debt created as a result of medical services rendered to Mr. Darris connected with the accident.

9. On or about February 10th, 1998, the Credit Bureau sent a letter (hereinafter "the letter") addressed to Mr. Darris which was received by Plaintiffs at their home address referred to above. (Attached as Plaintiffs' exhibit "A" is a true and correct copy of the letter.)

10. The letter appears to have been signed and sent by Christopher M. Jester, Attorney at Law ("Jester"), but, in fact, contains a replica of Jester's signature which was stamped on the letter by the Credit Bureau.

11. The address shown on the letter is the Credit Bureau's address and not Jester's address, further, the phone number shown on the letter is the Credit Bureau's phone number and not Jester's.

12. Prior to February 10th, 1998 the Credit Bureau provided no information to Jester pertaining to Mr. Darris' account with St. Bernards.

13. By the least sophisticated consumer standard, the letter's content threatens legal action when, in fact, on February 10th, 1998, neither St. Bernards, the Credit Bureau, Guinn or Jester had determined to file suit against Plaintiff.

14. The letter attached as Plaintiff's Exhibit A does not

contain the disclosure and warning provisions required by 15 U.S.C. § 1692e(11).

15. The letter caused Plaintiffs to experience paid and suffering, severe emotional distress and intimidation for which they are entitled to actual damages.

## V.   CLAIM FOR RELIEF

16. Plaintiffs reallege and incorporate by reference paragraphs 1 through 14 above.

17. As a result of the letter, Defendants violated the FDCPA with the violations including, but not limited to, the following:

   (a) The Defendants violated 15 U.S.C. § 1692e(3) by falsely representing or implying that the Credit Bureau's February 10th, 1998 letter is from an attorney.

   (b) The Defendants violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action on Mr. Darris account with St. Bernards.

   (c) The Defendants violated 15 U.S.C. § 1692e(14) by deceptively using Jester's name to imply that an attorney had been employed to attempt collection of the account.

   (d) The Defendants violated 15 U.S.C. § 1692e(11) by failing to disclose that the correspondence is from a

debt collector.

18. As a result of the FDCPA violations, Defendants are liable to Plaintiffs in the sum of Plaintiff's actual damages, statutory damages, costs and attorney's fees.

19. In addition, Plaintiffs are entitled to a declaratory judgment that Defendants' conduct violates the FDCPA.

20. Plaintiff demands a jury trial.

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendants, jointly and severally, in the amount of:

(a) actual damages;

(b) statutory damages pursuant to 15 U.S.C. § 1692k;

(c) costs and Plaintiffs' attorneys fees pursuant to 15 U.S.C. § 1692k;

(d) a declaratory judgment that Defendants' conduct violates the FDCPA; and

(e) for all other relief as may be just and proper.

RESPECTFULLY SUBMITTED,

GOODWIN, MOORE, COLBERT & BROADAWAY
P.O. Box 726
Paragould, Arkansas 72451-0726
Telephone: (501) 239-2225

By: _____
Brad Broadaway, Bar No. 88073

and

-5-

By: _Angela Bowden Gray_
Angela B. Gray, Bar No. 95225

6

CHRISTOPHER M. JESTER
Attorney at Law

109 East Jackson
P.O. Box 1305
Jonesboro, Ar. 72403

(870) 930-3108

FEB 10 1998

BOBBY RAY JR DARRIS
PO BOX 275
BLACK ROCK AR 72415

RE: ST BERNARDS REGIONAL MEDI 2653.05
ACCOUNT NUMBER: 742197

Dear BOBBY RAY JR DARRIS:

This letter is to notify you that I represent the above captioned client in a claim against you. Before my client makes a final decision regarding legal action, my client has requested I make a formal demand for payment before filing suit. Prompt word from you either by phone or by mail will enable me to assist you in disposing of this matter quickly and will avoid increasing your indebtedness by the addition of the costs involved in litigation.

Please direct full payment to me at P.O. Box 1305, Jonesboro, Ar. 72403, or call me at (870) 930-3108. The absence of word from you will indicate you do not wish to resolve this matter amicably and suit will be recommended against you.

This is an attempt to collect a debt any information will be gained will be used for that purpose. Unless you notify this office within 30 days after receiving this letter that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

*Christopher M. Jester* (signature)

CHRISTOPHER M. JESTER

CMJ/fsg