

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BOBBY R. DARRIS AND JACQUELYN DARRIS     PLAINTIFFS

V.     No. J-C-99-40

CREDIT BUREAU OF JONESBORO, INC. and
RUSTY GUINN     DEFENDANTS

## ANSWER

Come Credit Bureau of Jonesboro, Inc. and Rusty Guinn ("defendants"), by and through their attorneys, and for their answer to complaint, state:

1. Defendants admit that the complaint purports to state a claim pursuant to 15 U.S.C. §1692 et seq but deny having engaged in any conduct which violates this statutory subchapter.

2. Defendants admit the subject matter and personal jurisdiction of this court and the propriety of venue.

3. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 3, and therefore deny the same.

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit the residency of Rusty Guinn but deny the remaining allegations in paragraph 6.

7. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 7, and therefore deny the same.

8. Defendants admit that the Credit Bureau was tendered an engagement to collect a debt relating to medical services rendered to Bobby Ray Darris, Jr., but are without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 8.

9. Defendants admit that a letter was sent but are without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 9.

10. Defendants admit that the letter contains the signature replica of Christopher M. Jester, an attorney licensed to practice in the state of Arkansas, but deny the remaining allegations in paragraph 10 and affirmatively state that Mr. Jester actually stamped his signature on the letter in question.

11. Defendants admit that the address and phone number referenced on the letter direct the debtor to the Credit Bureau to make arrangements for payment.

12. Defendants deny the allegations in paragraph 12.

13. Defendants deny the allegations in paragraph 13.

14. Defendants deny the allegations in paragraph 14.

15. Defendants deny that any wrongful conduct on their part caused the plaintiffs to suffer legally recoverable damages. In the alternative, any suffering, emotional distress and intimidation sustained by plaintiffs is not as severe and extensive as alleged.

16. Defendants deny the allegations in paragraph 16 to the extent it incorporates allegations from the complaint previously denied herein.

17. Defendants deny the allegations in paragraph 17 including all of its subparts.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny that plaintiffs are entitled to a declaratory judgment for anything.

20. Defendants join in plaintiffs' demand for a jury trial.

21. Defendants deny all allegations of the complaint not specifically admitted herein.

22. Pleading affirmatively, Christopher M. Jester actually reviewed and signed the letter by stamping his signature replica thereon, and directing that it be sent to the debtor to collect a valid but overdue consumer indebtedness.

23. Still pleading affirmatively, since the letter in question constituted Mr. Jester's initial contact with the debtor, the Fair Debt Collection Practices Act did not require the letter to contain a disclosure "that the correspondence is from a debt collector."

24. Still pleading affirmatively, the substance of the letter and the means by which it was delivered complied in all respects with the Fair Debt Collection Practices Act.

25. The complaint fails to state a claim upon which relief can be granted as to Rusty Guinn and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

26. Defendants affirmatively plead all defenses available to them under Rule 8 of the Federal Rules of Civil Procedure.

27. Defendants reserve the right to amend and plead further pending the completion of discovery.

WHEREFORE, defendants pray that the complaint be dismissed, that plaintiffs take nothing from them, for their costs, attorneys' fees and all other proper relief.

          Respectfully submitted,
          **MIXON & PARKER, PLC**
          P.O. Box 1442
          Jonesboro, AR 72403
          (870) 935-8600

By_____
          Donn Mixon (76079)
          Harry S. Hurst, Jr. (88116)
          Attorneys for defendants

### Certificate of Service

Harry S. Hurst, Jr. certifies that he has served a copy of the foregoing pleading on Mr. Brad Broadaway, Attorney at Law, P.O. Box 726, Paragould, AR 72451-0726, by placing a copy in the appropriate mail drop at the Craighead County Courthouse or by placing in the U.S. mail postage prepaid, on this February 19, 1999.

_____
Harry S. Hurst, Jr.

C:\MyFiles\Deborah\H.S.H\Scottsdale Ins\Credit Bureau-Guinn\Answer.wpd