IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION



BOBBY R. DARRIS AND JACQUELYN DARRIS                    PLAINTIFFS

V.                              No. J-C-99-40

CREDIT BUREAU OF JONESBORO, INC. and
RUSTY GUINN                                              DEFENDANTS

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### I. Introduction

Plaintiffs filed this lawsuit for alleged violations of the Fair Debt Collection Practices Act codified at 15 U.S.C. §1692, et seq. (" the FDCPA"). Plaintiffs' complaint assumes material facts which are unsustainable from an evidentiary standpoint. The affidavit attached to this motion verifies the true facts which plaintiffs cannot refute by way of counter-affidavit. Since no evidence supports the material allegations in plaintiffs' complaint, defendants are entitled to judgment as a matter of law.

### II. Factual Background

Bobby Ray Darris and Jacquelyn Darris are the surviving parents of Bobby Ray Darris, Jr., deceased ("the debtor"). The debtor received medical services at St. Bernard's Regional Medical Center on May 18, 1997, for injuries he received in a motor vehicle accident. When the statement for medical services was not paid, Credit Bureau of Jonesboro, Inc. ("Credit Bureau") was contacted to assist in collecting the indebtedness owed. The Credit Bureau's alleged actions in collecting this debt form the basis of this action.

Plaintiffs' claim is predicated entirely on the preparation and transmittal of a letter dated February 10, 1998 ("the letter"). (See Exhibit "A" to Complaint). Plaintiffs claim the letter represents an illegal collection tactic in violation of the FDCPA. Although the letter bears the signature of attorney Christopher M. Jester, plaintiffs allege (1) that the Credit Bureau actually stamped Mr. Jester's signature, (2) that he had not been consulted or provided information before that date, (3) that no consideration had been given to filing suit before then, and (4) that the letter did not comply with the disclosure requirements of 15 U.S.C. §1692e(11). (See paragraphs 10, 11, 12, 13, and 14 of the Complaint).

This action proceeds from a false assumption. Contrary to plaintiffs' allegations, the Credit Bureau did consult Mr. Jester before the letter was sent. Mr. Jester personally reviewed and approved the letter which was signed by means of a replica stamp. Consideration had already been given to filing appropriate legal proceedings if payment was not forthcoming. Finally, since the letter was Mr. Jester's initial communication with the debtor, it satisfied the disclosure requirements of 15 U.S.C. §1692e(11).

### III. Standard for Summary Judgment

Summary judgment shall be granted if the pleadings, affidavits, and other papers demonstrate that no genuine issue of material fact remains, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. Pro. 56. Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action. Postscript Enterprises v. City of Bridgeton, 905 F.2nd 223 (8th Cir 1990). Summary

2

judgment is designed to remove factually unsubstantiated cases from crowded dockets of District Courts. <u>Smith v. Marcantonio</u>, 910 F.2nd 500 (8th Cir 1990). A mere factual dispute over collateral issues will not defeat summary judgment since the dispute must be determinative to the outcome under the prevailing law. <u>Get Away Club, Inc. v. Coleman</u>, 969 F.2nd 664 (8th Cir 1992).

IV. Discussion

1. Mr. Jester's Involvement

The complaint is based on a false premise. Plaintiffs examined the letter dated February 10, 1998, and erroneously concluded that Mr. Jester did not sign the letter since it bears a replicated, stamped signature. Plaintiffs incorrectly assume that Mr. Jester was not actually involved, and that no consideration had been given to future litigation. Plaintiffs mischaracterize the true facts with untenable allegations.

The affidavits attached to defendants' motion for summary judgment establish that plaintiffs have assumed facts not in evidence. Exhibit "A" to the motion verifies that Mr. Jester was actually consulted and engaged to collect this debt. He reviewed and approved the letter by physically placing his signature on it through the use of a stamp bearing his signature replica. He either signed the letter himself or his staff member did so with Mr. Jester's approval. Mr. Jester further attests that the letter was his first and only communication sent to the debtor.

Exhibit "B" to the motion is the affidavit of Rusty Guinn, the chief executive officer of the Credit Bureau. Mr. Guinn verifies that the letter was not signed by a Credit Bureau

employee, that Mr. Jester was responsible for signing the letter, and that Mr. Jester had actually been consulted about collecting this debt before the letter was sent. Further, he verifies that consideration was previously given to filing suit if the letter prompted no response, since the file showed that no defense to payment had ever been raised.

Paragraph 17 of plaintiffs' complaint sets forth the factual allegations believed to support a claim under the FDCPA. The affidavits of Mr. Jester and Mr. Guinn effectively dispel the material allegations pled. Thus, defendants have made their prima facie showing of entitlement to judgment. Plaintiff must now come forward and meet "proof with proof" to prevent the entry of judgment in defendants' favor. See Fed. R. Civ. Pro. 56(d). Plaintiffs lack sufficient evidence to successfully rebut this prima facie showing since this action is based on assumed and erroneous facts. The very mission of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." See Advisory Committee Note to Fed. R. Civ. Pro. 56. When the record taken as a whole could not lead a rational trier of fact to find for the non-movant for summary judgment, there is no genuine issue for trial. Sharp v. Nat'l Rule Elect Co-op Ass'n, 878 F. Supp. 1216 (E.D. Ark. 1994).

## 2. Standing

Aside from the substantive merits of this claim, plaintiffs lack standing to bring this action. The letter was addressed to the debtor rather than plaintiffs, and they have not sued in any representative capacity. Although the letter came to their address, no attempt was made to collect the debt from them.

A careful review of the complaint reveals a missing link in their cause of action. Plaintiffs concede that their son incurred the indebtedness, but no allegation is made that plaintiffs have been the victims of unfair collection practices. Plaintiffs are not referenced in the letter and no demand is made on them. (See Affidavit of Mr. Jester attached as Exhibit "A").

Article III of the United States Constitution requires a "case or controversy" for federal courts to exercise jurisdiction, without which a plaintiff lacks standing to sue. Gilligan v. Morgan, 413 U.S.1 (1972). To establish standing, a party must allege personal injury fairly traceable to the opposing party's alleged unlawful conduct. Metropolitan Wash. Airports Auth. V. citizens for Abatement of Aircraft Noise, Inc., 501 U.S. 252 (1991). Since defendants did not direct "their collection practices at plaintiffs in any way," they sustained no actionable loss. Dewey v. Associated Collections, Inc., 927 F. Supp. 1172 at 1175. (W.D. Wisc. 1996). "Allowing [them] to bring suit would grant [them] a windfall unintended by the act." Id.

## V. Conclusion

For all the foregoing reasons, defendants pray that summary judgment be entered in their favor, and for all other proper relief.

Respectfully submitted,
**MIXON & PARKER, PLC**
P.O. Box 1442
Jonesboro, AR 72403
(870) 935-8600
(870) 935-8622

By _____
Harry S. Hurst, Jr. (88116)
Attorneys for defendants

5

## Certificate of Service

    Harry S. Hurst, Jr. certifies that he has served a copy of the foregoing pleading on Mr. Brad Broadaway, Attorney at Law, P.O. Box 726, Paragould, AR 72451-0726, by placing a copy in the appropriate mail drop at the Craighead County Courthouse or by placing in the U.S. mail postage prepaid, on this March 22, 1999.

*[signature]*

Harry S. Hurst, Jr.

C:\MyFiles\Deborah\H.S.H\Scottsdale Ins\Credit Bureau-Guinn\Brief.wpd