IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BOBBY R. DARRIS AND JACQUELYN DARRIS                          PLAINTIFFS

V.                              No. J-C-99-40

CREDIT BUREAU OF JONESBORO, INC. and
RUSTY GUINN                                                   DEFENDANTS

## BRIEF IN SUPPORT OF REPLY

### I. Disqualification by Association

Mr. Marshall's ownership of a rival collection agency is sufficient, standing alone, to disqualify him from further participation. The court need not determine whether any impropriety occurred since his association warrants disqualification because of the potential for competitive disadvantage. In re coordination of pre-trial proceedings, 101 F. R. D. 34 (C.D. Cal. 1984). Further, the protective order proffered by Mr. Marshall is insufficient to address all contingencies. Defendants have not attempted to enumerate every possible scenario wherein Mr. Marshall would be exposed confidential information. The only viable means for preventing unwarranted disclosure mandates his immediate disqualification and dissociation. This includes any role he might assume as "consultant" since that role would also expose him to confidential information.

### II. Marshall as Witness

Plaintiffs' response as it relates to Mr. Marshall raises more questions than answers. If Mr. Marshall was counsel from the outset, why was his name omitted from the complaint and other pleadings filed before July 1999? Ms. Darris' affidavit makes it clear that he was

**43**

meeting with and advising her on a regular basis from the beginning. Why was his involvement disguised until settlement negotiations broke down and it became clear that substantially more work was needed to prepare for trial? Perhaps Mr. Marshall intended to remain anonymous in the hopes that settlement could be effected without formally announcing his involvement, while simultaneously having the benefit of his competitor's disclosures. Whatever the case may be, these are issues a jury must decide in connection with the damages claim.

Clearly, motivation for this proceeding has a direct bearing on the issue of damages. Plaintiffs claim they have suffered extreme emotional distress over the letter attached to their amended complaint, while defendants contend this action is partially advanced by its primary competitor to acquire confidential information. Defendants are entitled to call Mr. Marshall as a hostile witness to refute any damages claim.

Perhaps the most telling evidence relating to this defense is based on the glaring omission in plaintiffs' response. Defendants devoted substantial discussion to the issue of "ghostwriting," but plaintiffs fail to offer even a token response. The jury must consider why Mr. Marshall would be ghostwriting pleadings and disguising his involvement if the true object of this case were to recover damages for extreme mental anguish.

Finally, plaintiffs' response fails to demonstrate how Mr. Marshall's disqualification would work a hardship. Plaintiffs would not need substitute counsel since Mr. Broadaway's firm has been engaged from the outset. Trial will not occur until June 12, 2000, so there is

2

plenty of time for Mr. Broadaway to improve his "knowledge of collection agency practices" that Mr. Marshall claims to possess. (See plaintiffs' response at ¶ 13).

Respectfully submitted,<br>
**MIXON & PARKER, PLC**<br>
P.O. Box 1442<br>
Jonesboro, AR 72403<br>
(870) 935-8600<br>
By _____<br>
Harry S. Hurst, Jr. (88116)<br>
Attorneys for defendants

### Certificate of Service

Harry S. Hurst, Jr. certifies that he has served a copy of the foregoing pleading on Mr. Brad Broadaway, Attorney at Law, P.O. Box 726, Paragould, AR 72451-0726, and Mr. Bryant Marshall, Attorney at Law, P.O. Box 4034, Jonesboro, AR 72403 by placing a copy in the appropriate mail drop at the Craighead County Courthouse or by placing in the U.S. mail postage prepaid, on this October 27, 1999.

_____
Harry S. Hurst, Jr.